UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN MITCHEM, | ) |
| | ) |
| Petitioner, | ) |
| | ) Cause No. 3:12-CV-831-PPS |
| vs. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

# **OPINION AND ORDER**

John Mitchem, a *pro se* prisoner, filed a habeas petition challenging a prison disciplinary proceeding wherein he was found guilty of conspiring or attempting to assault a staff member. (DE 15-3 at 1.) The charge was initiated when Sergeant O. Neese wrote a conduct report stating the following:

> On 9-4-11 at approximately 1336 I Sgt. O. Neese went into dorm 17 south C-side from center hallway[.] [A]s I started to go behind the officers desk C-side offender Mitchem DOC #856649 approached me from behind I then turned around towards him and said what do you need[.] Mitchem then grabbed ahold of my shirt [by] my neck and said you see me. I then pushed offender Mitchem back a little and ordered him twice to let go[.] I then noticed that Mitchem also had a padlock with a sock or rag attached to it. After he was ordered the second time to let go of my shirt Mitchem let go and returned back to his cube bed area 48 Low C. Mitchem was [taken] to the ASU for lock up[.]

(DE 15-1.)

Mitchem was notified of the charge and given a copy of the conduct report. (DE 15-1, 15-2.) He pled not guilty, requested a lay advocate, requested witness statements from fellow inmates B. Combs and C. Croom, and requested surveillance video as physical evidence. (DE 15-2.) Statements were obtained from the two inmates: Combs stated that he did not see anything and Croom said that he was in another area of the prison and did not know what

happened. (DE 15-2 at 3-4.) The hearing officer also viewed the surveillance video, which showed Mitchem walking behind Sergeant Neese with a weapon in his hand. (DE 15-3 at 1.)

At the hearing on the violation, Mitchem stated that the "reason I did it was because of what he did." (*Id.*) He stated that Sergeant Neese had "paraded" him through the prison with his hands on his head, which had "humiliated" him.[1] (*Id.*) The hearing officer considered Mitchem's statement, staff reports, witness statements, and the video evidence, and found him guilty. (*Id.* at 1.) Mitchem appealed to the facility head and final reviewing authority, but his appeals were denied. (DE 15-4, 15-5.) Thereafter, he filed the present petition.

When prisoners lose earned time credits in prison disciplinary hearings, the Fourteenth Amendment Due Process Clause guarantees them certain procedural protections: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *See Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). To satisfy due process, there must also be "some evidence" in the record to support the hearing officer's determination. *See Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Here, Mitchem raises two claims in his petition, both turning on the sufficiency of the evidence. (DE 1 at 3-4.) He argues that there was insufficient evidence that he engaged in a

---

[1] Mitchem further detailed the prior incident in his appeal. He claimed that earlier that day Sergeant Neese had taken off his handcuffs and ordered him to place his hands on top of his head. The officer allegedly "grabbed" him by his left shoulder and the "seat of his jumpsuit," and "paraded" him from the C-side of the prison to the D-side. (DE 15-4 at 1.) Mitchem viewed these actions as an unprofessional attempt to "show these guys who's in charge." (*Id.*)

"conspiracy," and no evidence that Sergeant Neese was injured as a result of this incident. (*Id.*) In his view, such evidence was necessary to find him guilty of the charge.

In reviewing a disciplinary determination for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56 (emphasis added). A habeas court will overturn the hearing officer's decision only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994).

Here, the disciplinary charges at issue are A111, "[c]onspiracy/attempting/aiding/abetting to commit any Class A offense," and A117, "[a]ssault on staff (including contractors and volunteers) which results in serious bodily injury." (DE 1 at 9.) In Mitchem's view "conspiracy" means a "careful planning together in secret to commit a wrongful act." (DE 16 at 2.) He argues that "[his] actions [were] not a careful planning with himself nor anyone else but instead a reaction and direct result of being assaulted by Sgt. O. Neese." (*Id.*) To the extent Mitchem is arguing that the prison had to present evidence of a conspiracy between him and another individual, this argument is unavailing since the offense also encompasses an attempt to commit a Class A offense. Similarly, the prison did not have to present evidence of an injury to Sergeant Neese, since Mitchem was found guilty of attempted assault, not assault.

So the only relevant question is whether there is sufficient evidence that Mitchem attempted to assault Sergeant Neese, and to that question is yes. Sergeant Neese's conduct report stated that Mitchem approached him aggressively from behind, grabbed him by the neck while holding a dangerous make-shift weapon in his hand, and only let go after two direct orders. The video corroborated Sergeant Neese's account of what occurred. Indeed, Mitchem did not deny what he did or otherwise present any exculpatory evidence, and instead tried to justify his actions based on a prior run-in he had with the officer.[2] The "some evidence" standard is a modest one, and that standard has easily been met in this case. *See Moffat v. Broyles*, 288 F.3d 978, 988 (7th Cir. 2002) (witness statements constituted some evidence); *McPherson*, 188 F.3d at 786 (7th Cir. 1999) (conduct report provided some evidence to support disciplinary determination).

For the reasons set forth above, the petition (DE 1) is **DENIED**.

**SO ORDERED**.

ENTERED: August 14, 2013.

                                                 s/ Philip P. Simon
                                                 PHILIP P. SIMON, CHIEF JUDGE
                                                 UNITED STATES DISTRICT COURT

---

[2] To the extent Mitchem is trying to claim he somehow acted in self defense, the circumstances he describes do not remotely suggest a viable self defense claim. In any event, self defense is not applicable in the prison disciplinary context. See *Jones v. Cross*, 637 F.3d 841, 848 (7th Cir. 2011). As the final reviewing authority pointed out, if Mitchem felt the officer had acted improperly he could have simply complained through the prison grievance system. (DE 15-5 at 1.)